**Prepared By:**
Selene Finance LP
3501 Olympus Blvd, Suite 500
Dallas, TX 75019
877-768-3759

**After Recording Please Return To:**
ServiceLink
Attn: Loan Modification Solutions
320 Commerce, Suite 100
Irvine, CA 92602
800-777-8759

Property Address:
**208 TREE ST**
**PHILADELPHIA, PA 19148**

UPI/PIN/Tax ID: **391088400**

———————————————[Space Above This Line For Recording Data]———————————————

Investor Loan No: ▮▮▮

# LOAN MODIFICATION AGREEMENT
## (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this **14th** day of **April, 2025**, between **KRISTIN A. WOJNAR** ("Borrower"), whose address is **208 TREE ST., PHILADELPHIA, PA 19148**, and **SELENE FINANCE LP as attorney in fact for Federal Home Loan Mortgage Corporation** ("Lender"), whose address is **3501 Olympus Blvd, Suite 500, Dallas, TX 75019**, amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **December 9, 2020**, in the amount of **$206,534.00** and recorded on **January 12, 2021** in Book, Volume, or Liber No. _____ , at Page _____ (or as Instrument No. **53777062**) , of the **Official** (Name of Records) Records of **PHILADELPHIA, PENNSYLVANIA** (County and State, or other jurisdiction) and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

---

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument          Form 3179 1/01 (rev. 4/14)
The Compliance Source, Inc.                    Page 1 of 11                      23703PA 10/01 Rev. 09/24
                                                                  ©2001-2024, The Compliance Source, Inc.

**208 TREE ST, PHILADELPHIA, PA 19148**
(Property Address)

the real property described being set forth as follows:
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **May 1, 2025**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$177,407.52**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **2.875%**, from **May 1, 2025**. Borrower promises to make monthly payments of principal and interest of U.S. **$905.10**, beginning on the **1st** day of **June, 2025**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **2.875%** will remain in effect until principal and interest are paid in full. If on **June 1, 2047** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the

      Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

   b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder

or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the

trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ☒.

_____    Date: 4/28/25
Borrower    - KRISTIN A. WOJNAR

Certificate of Residence:

I/We do hereby certify that the precise address of the within named mortgagee, assignee or person entitled to interest is **3501 Olympus Blvd, Suite 500, Dallas, TX 75019**.

**SELENE FINANCE LP as attorney in fact for Federal Home Loan Mortgage Corporation**

By: _____Scott A. Curry_____

Its: _____Loss Mitigation Manager_____

## ACKNOWLEDGMENT

State of Pennsylvania §
§
County of Philadelphia §

On this 28th day of April, 2025, before me, the undersigned officer, personally appeared **KRISTIN A. WOJNAR**, known to me (or satisfactorily proven), to be the person whose name is subscribed to the within instrument, and acknowledged that he/she executed the same for the purposes therein.

In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

James J Masino
Printed Name

Notary Public
Title of Officer

(Seal)    My Commission Expires: April 9, 2026

```
Commonwealth of Pennsylvania - Notary Seal
James J. Masino, Notary Public
Philadelphia County
My commission expires April 9, 2026
Commission number 1186727
```
Member, Pennsylvania Association of Notaries

---

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument    Form 3179 1/01 (rev. 4/14)
The Compliance Source, Inc.    Page 7 of 11    23703PA 10/01 Rev. 09/24
©2001-2024, The Compliance Source, Inc.

Certificate of Residence:

I/We do hereby certify that the precise address of the within named mortgagee, assignee or person entitled to interest is **3501 Olympus Blvd, Suite 500, Dallas, TX  75019**.

**SELENE FINANCE LP as attorney in fact for Federal Home Loan Mortgage Corporation**

By: _____Scott A. Curry_____

Its: _____Loss Mitigation Manager_____

ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE
**SELENE FINANCE LP as attorney in fact for Federal Home Loan Mortgage Corporation**

By: _____ Scott A. Curry _____    MAY 1 2 2025
        Loss Mitigation Manager   -Lender              Date of Lender Signature

## ACKNOWLEDGMENT

State of ___Texas___        §
                            §
County of ___Dallas___      §

The foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization, this ___MAY 1 2 2025___ by ___Scott A. Curry___, ___Loss Mitigation Manager___ of **SELENE FINANCE LP as attorney in fact for Federal Home Loan Mortgage Corporation**, a **Delaware** Corporation, on behalf of the Corporation. He/she is personally known to me or who has produced _____ as identification.

_____
Signature of Person Taking Acknowledgment
Rachael Robinett
_____
Name Typed, Printed or Stamped
**Notary**
_____
Title or Rank

RACHAEL LAURIA ROBINETT
Notary Public, State of Texas
Comm. Expires 07-05-2026
Notary ID 133841486

Serial Number, if any: _____

(Seal)                My Commission Expires JUL 0 5 2026

EXHIBIT A

BORROWER(S): KRISTIN A. WOJNAR

LOAN NUMBER: ███████

LEGAL DESCRIPTION:

STATE OF PENNSYLVANIA, COUNTY OF PHILADELPHIA, COUNTY OF, AND DESCRIBED AS FOLLOWS:

ISSUING OFFICE FILE NO.: CAPA-214163

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED,

SITUATE ON THE SOUTHERLY SIDE OF TREE STREET AT THE DISTANCE OF 58 FEET WESTWARDLV FROM THE WESTERLY SIDE OF 2ND STREET, IN THE 39TH WARD OF THE CITY OF PHILADELPHIA.

CONTAINING IN FRONT OR BREADTH ON THE SALD TREE STREET 14 FEET AND EXTENDING OF THAT WIDTH IN LENGTH OR DEPTH SOUTHWARDLY BETWEEN LINES PARALLEL WITH THE SAID 2ND STREET 53 FEET TO A 4 FEET WIDE ALLEY LEADING INTO AND FROM 2ND STREET AND COMMUNICATING AT THE WESTERNMOST END WITH ANOTHER 4 FEET WIDE ALLEY LEADING INTO AND FROM THE SAID TREE STREET.

TOGETHER WITH THE FREE AND COMMON USE, RIGHT LIBERTY AND PRIVILEGE OF THE SAID ALLEYS AS AND FOR PASSAGEWAYS AND WATERCOURSES AT ALL TINES HEREAFTER, FOREVER.

PARCEL NO: 39-1088400

NOTE FOR INFORMATION ONLY: MAILING ADDRESS(ES) IS/ARE 208 TREE STREET, PHILADELPHIA, PA 19148

UPI/PIN/Tax ID: 391088400

ALSO KNOWN AS: 208 TREE ST, PHILADELPHIA, PA 19148

Case 25-10399-amc   Doc 20-1   Filed 06/23/25   Entered 06/23/25 11:58:01   Desc
Exhibit A   Page 11 of 13

Loan Number: ███

## SIGNATURE/NAME AFFIDAVIT
## AKA/FKA/NKA STATEMENT

DATE: 4-28-25

BORROWER: Kristin A. Wojnar

THIS IS TO CERTIFY THAT MY LEGAL SIGNATURE IS AS WRITTEN AND TYPED BELOW.

Kristin A. Wojnar
(Print or Type Name)

Kristin A. Wojnar
Signature

### AKA STATEMENT

I, _____ certify that I am also known as/formerly known as/now known as:

_____     _____
Print Name (Variation)                Sample Signature (Variation)

_____     _____
Print Name (Variation)                Sample Signature (Variation)

_____     _____
Print Name (Variation)                Sample Signature (Variation)

_____     _____
Print Name (Variation)                Sample Signature (Variation)

STATE OF Pennsylvania

COUNTY OF Philadelphia

) 
) ss
)

Subscribed and sworn to before me this 28th day of April, 2025, by Kristin A Wojnar, personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
James J. Masino, Notary Public
Philadelphia County
My commission expires April 9, 2026
Commission number 1186727

Member, Pennsylvania Association of Notaries

Loan No. ▮
Borrowers ("Borrower"): **KRISTIN A. WOJNAR**

# LOAN MODIFICATION AGREEMENT RIDER

THIS LOAN MODIFICATION AGREEMENT RIDER is made this **14th** day of, **April, 2025**, by and between the undersigned borrower (the "Borrower") and **SELENE FINANCE LP as attorney in fact for Federal Home Loan Mortgage Corporation**, (the "Lender") and is incorporated into and shall be deemed to amend and supplement that certain LOAN MODIFICATION AGREEMENT (the "Agreement") of the same date executed by the Borrower and Lender as of the date above.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Agreement, Borrower and Lender further covenant and agree as follows:

1. Escrow Items

Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked. Borrower is hereby advised that beginning on the monthly payment due date set forth above, the amount of Escrow Items will be included with Borrower's monthly payment of principal and interest.

2. Interest Accrual Change.

Depending on the terms of your original note, interest may have accrued on a daily basis. According to the terms of your loan modification, interest will now accrue on an amortizing basis.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and conditions contained in this LOAN MODIFICATION AGREEMENT RIDER.

_____ (Seal)                    _____ (Seal)
KRISTIN A. WOJNAR            -Borrower                                                    -Borrower

_____ (Seal)                    _____ (Seal)
                             -Borrower                                                    -Borrower